UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STANLEY SOJA,<br><br>          Plaintiff,<br><br>   v.<br><br>MEDTRONIC, INC.; and DOES 1 through 50 inclusive,<br><br>          Defendants. | No. 2:19-cv-00219 WBS CKD<br><br>ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Stanley Soja initiated this action asserting state law claims against defendant Medtronic arising out of the alleged failure of a medical device used by plaintiff and designed and sold by defendant.

I.    Factual and Procedural Background

Defendant Medtronic Inc. designed, manufactured, and sold the Synchro Med II Medtronic pain pump. (Compl. ¶ 7 (Docket No. 1).) The implantable device delivers medication to specific sites in a patient's body. (Id. ¶ 11.)

On March 5, 2012, a Synchro Med II Medtronic pain pump

1

was implanted into plaintiff. (Id. ¶ 10.) The plaintiff relied on the device to administer essential medication. (Id. ¶ 11.) On or about January 3, 2017 the device stopped working and the plaintiff was taken to the hospital in critical condition. (Id. ¶ 12.) Plaintiff alleges that the device's failure caused him severe pain and resulted in lasting injury to his nervous system. (Id. ¶¶ 12-13.) Plaintiff further alleges he incurred substantial medical costs as a result of the pain pump's alleged failure. (Id. ¶ 14.)

## II. Legal Standard

On a motion under Federal Rule of Civil Procedure Rule 12(b)(6), the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Defendant moves to dismiss plaintiff's complaint on the ground, among others, that each of its four claims is preempted by the Medical Device Amendment ("MDA") to the federal Food, Drug, and Cosmetic Act ("FDCA"). Defendant also argues that plaintiff's claims are inadequately pled under Federal Rule of

2

Civil Procedure 8(a) and that plaintiff's strict liability design-defect and implied warranty claims fail on independent state law grounds.

The express preemption provision of the Medical Device Amendment to the Food, Drug, and Cosmetic Act provides that:

> [N]o state or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement - -
>
> (1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and
>
> (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

21 U.S.C. § 360k(a) ("Section 360k").

In <u>Riegel v. Medtronic, Inc.</u>, 552 U.S. 312 (2008), the Supreme Court established a two-prong test for evaluating whether a state law claim is preempted under Section 360k(a): (1) has the federal government "established requirements" applicable to a particular device?; and (2) if so, are there common-law claims concerning that device based on state law requirements relating to safety and effectiveness that are "different from, or in addition to" the federal requirements? <u>Id.</u> at 321-22. If both of these prongs are satisfied, then the state law claims are preempted. Notably, under the second prong of the <u>Riegel</u> test, claims based on state law requirements that "parallel" federal requirements, or are narrower than federal requirements, are not preempted. <u>Stengel v. Medtronic Inc.</u>, 704 F.3d 1224, 1228 (9th Cir. 2013) ("[T]he MDA does not preempt a state-law claim for

3

violating a state-law duty that parallels a federal-law duty under the MDA."); see also Caplinger v. Medtronic, Inc., 784 F.3d 1335, 1340 (10th Cir. 2015) (holding in the context of MDA preemption that "[t]o the extent the state law duty is narrower than or equal to the federal duty it survives[.]").

In Riegel, the court considered whether the Food and Drug Administration ("FDA") premarket approval process for Class III[1] medical devices "imposes requirements" within the context of the Section 360k(a) preemption analysis. Id. at 322-23. In finding that it did, the court cited the rigor of the process, its focus on safety, and its determinative effects: devices that receive premarket approval are required to be manufactured with "almost no deviations from the specifications in its approval application." Id. at 323. Following Riegel, district courts considering whether state law claims are preempted by the MDA have held that Class III medical devices subject to the premarket approval process "automatically satisfy the first prong of the Riegel test." See McClelland v. Medtronic, Inc., 944 F. Supp. 2d 1193, 1199 (M.D. Fla. 2013). See also Houston v. Medtronic, Inc., No. 2:13-CV-01679 SVW, 2014 WL 1364455, at *3 (C.D. Cal. Apr. 2, 2014) (describing previous ruling that Class III medical device approved by FDA was "clearly subject" to federal requirements).

Like the catheter at issue in Riegel, the pain pump at

---

[1] The Medical Device Amendment establishes three classes of medical devices; Class III devices are those used "in supporting or sustaining human life or for a use which is of substantial importance in preventing impairment of human health." 21 U.S.C. § 360(a)(1)(C)(ii)(I). These devices are subject to the highest level of regulatory oversight.

4

issue in the instant case is a Class III medical device that was subject to the premarket approval process. (See Mot. to Dismiss, Exs. A-B.)[2] Accordingly, the first prong of the Riegel test is satisfied: the federal government has "established requirements" applicable to the pain pump.

The court now turns to the second prong of the Riegel test and considers whether plaintiff's claims are based upon state law that imposes requirements which parallel federal requirements and are not "different from, or in addition to" the federal requirements. See 21 U.S.C. § 360k(a).

It appears that a majority of courts require that in order to successfully plead a violation of state law that "parallels" federal requirements, "a plaintiff must allege the particular federal requirement that was violated, and how." Prudhel v. Endologix, Inc., No. CIV S-09-0661 LKK KJM, 2009 WL 2045559, at *9 (E.D. Cal. July 9, 2009). But see Hofts v. Howmedica Osteonics Corp., 597 F. Supp. 2d 830, 840-41 (S.D. Ind. 2009) (generalized claim that defendant's manufacturing of Class III device violated FDA premarket approval requirements was sufficient to put defendant on notice and state a plausible claim to relief). Moreover, it is not enough to merely "incant the magic words 'Medtronic violated FDA regulations'." See In re Medtronic, Inc. Sprint Fidelis Leads Prod. Liab. Litig., 592 F. Supp. 2d 1147, 1158 (D. Minn. 2009). A plaintiff pleading a state law claim that parallels a federal requirement must point

---

[2] The court explains its rationale for taking judicial notice of these exhibits in its order on plaintiff's Motion for Rule 56(d) Relief, filed concurrently with this order.

to a specific requirement and explain how a defendant's alleged acts or omissions violated that requirement. See Id. at 1158-1159.

Unlike the plaintiff in Prudhel, plaintiff does not even "generally allege" that defendant violated any federal requirements.[3] 2009 WL 2045559, at *8. "To the extent that [p]laintiff may eventually succeed in a claim that rests outside those that are preempted by § 360k, it is unclear from the Complaint as it now stands how such a claim would appear." See Heisner ex rel. Heisner v. Genzyme Corp., No. 08-C-593, 2008 WL 2940811 at *6 (N.D. Ill. July 25, 2008). And, as the court

---

[3] Plaintiff's Opposition to the Motion to Dismiss reframes the complaint's negligence claim as a negligence for failure to warn claim. (Docket No. 12.) The Opposition contends that the complaint's failure to warn claim parallels FDA regulations which require manufacturers of Class III devices inform the agency of "any information that might suggest a device malfunctioned or caused injury." (Opp'n at 10.) For the purposes of evaluating the adequacy of plaintiff's complaint under Rule 12(b)(6), however, the court disregards this reframing of plaintiff's failure to warn claim. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).

The complaint's negligent failure to warn claim does not allege that defendant violated FDA regulations by failing to warn the FDA about something about which it should have. Rather, the complaint alleges that defendant negligently failed to "instruct or warn users" about the proper use, maintenance, and operation of the pain pump. (Compl. ¶ 16.) Plaintiff has not pointed to any FDA regulations requiring the manufacturers of Class III medical devices to "instruct or warn users" about the use or operations of those devices. As such, plaintiff's state law negligence failure to warn claim is based on state law requirements that are broader than the requirements imposed by federal law. Under the second prong of the Riegel test, it is expressly preempted by the MDA.

6

observed in Heisner, "[i]t is not the responsibility of this [c]ourt to restructure [p]laintiff's suit so that it alleges claims with some potential for success under the FDCA." Id.

For the foregoing reasons, none of plaintiff's claims, as presently pled, survive Riegel's two-part express preemption test. Accordingly, the court will grant defendant's Motion to Dismiss on these grounds without reaching the questions of whether plaintiff's claims are sufficiently detailed under Federal Rule of Procedure 8(a) or barred by California state law.[4]

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss (Docket No. 5) be, and hereby is, GRANTED.

Plaintiff is given thirty (30) days from the date of

---

[4] The court will allow plaintiff leave to amend his complaint, noting the substantial risk that plaintiff's efforts to avoid express preemption may lead him to run afoul of implied preemption. See Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341 (2001) (holding that plaintiffs' fraud-on-the-FDA claims were impliedly preempted because they were grounded in federal enactments, not traditional state tort law). Though plaintiff must identify the specific federal requirements defendant allegedly violated, the doctrine of implied preemption will bar him from bringing state law claims against defendant "when the state-law claim is in substance (even if not in form) a claim for violating the FDCA -- that is, when the state claim would not exist if the FDCA did not exist." See Riley v. Cordis Corp., 625 F. Supp. 2d 769, 777 (D. Minn. 2009) (citing Buckman, 531 U.S at 352-53). The dual requirements of the express and implied preemption analyses will leave plaintiff with only a "narrow gap" through which to "escape preemption by the FDCA." Perez v. Nidek Co., 711 F.3d 1109, 1120 (9th Cir. 2013). "The plaintiff must be suing for conduct that violates the FDCA (or else his claim is expressly preempted by § 360k(a)), but the plaintiff must not be suing because the conduct violates the FDCA (such a claim would be impliedly preempted under Buckman ). In re Medtronic, Inc., Sprint Fidelis Leads Prod. Liab. Litig., 623 F.3d 1200, 1204 (8th Cir. 2010) (quoting Riley, 625 F.Supp.2d at 777) (emphases in both).

7

this order to file an amended complaint.

Dated: June 6, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE