UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STANLEY SOJA,<br><br>        Plaintiff,<br><br>    v.<br><br>MEDTRONIC, INC.; and DOES 1 through 50 inclusive,<br><br>        Defendants. | No. 2:19-cv-00219 WBS CKD<br><br><u>ORDER RE: MOTION FOR RULE 56(d) RELIEF</u> |

----oo0oo----

        Contemporaneously with his Opposition to Defendant's Motion to Dismiss (Docket No. 12), plaintiff filed a motion for relief under Federal Rule of Civil Procedure Rule 56(d).[1] (Docket No. 13.)

        Federal Rule of Civil Procedure 56(d) provides that if a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer

---

[1] Plaintiff's motion is denominated as a "Rule 56(f) Motion." The court assumes, however, that this was in error since Rule 56(f) concerns summary judgment independent of the motion and Rule 56(d) concerns requests for deferral of a summary judgment motion when facts are unavailable to the nonmovant.

1

considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Plaintiff's request for relief under Rule 56(d) is predicated on his claim that, pursuant to Federal Rule of Civil Procedure 12(d), the court should treat defendant's Motion to Dismiss as a motion for summary judgment. Specifically, plaintiff argues that since defendant's Motion to Dismiss asks the court to consider matters outside the pleadings, i.e., the Federal Drug Administration's premarket approval database documents and a letter from the FDA to Medtronic (Mot. to Dismiss, Exs. A-C), the court must treat the motion as a motion for summary judgment.

Federal Rule of Civil Procedure 12(d) states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12. However, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." See Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991). See also Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the

complaint, and matters properly subject to judicial notice."). Thus, to the extent that the exhibits submitted alongside defendant's Motion to Dismiss are properly subject to judicial notice, the court may consider them without converting defendant's Motion to Dismiss into a motion for summary judgment.

Federal Rule of Evidence 201(b) provides that courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

"Information on government agency websites has often been treated as properly subject to judicial notice." Molina v. Wash. Mut. Bank, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *3 (S.D. Cal. Jan. 29, 2010) (citation omitted). Moreover, numerous courts have taken judicial notice of information from the FDA's online premarket approval database. See Eidson v. Medtronic, Inc., 981 F. Supp. 2d 868, 878-79 (N.D. Cal. 2013) (collecting cases supporting the propriety of taking judicial notice of information on government agency websites including the FDA's premarket approval database). Likewise, courts have taken judicial notice of correspondence from the FDA that is publicly available on the agency's website. See, e.g., Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(holding that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand."); Caton v. Stryker Sustainability Sols., Inc., No. CV-14-

05101 PSG VBKx, 2015 WL 12426110, at *3 (C.D. Cal. May 12, 2015) (taking judicial notice of PMA approval letter from the FDA since it is "publicly accessible on the FDA website and their authenticity is 'not subject to reasonable dispute.' Fed. R. Evid. 201(b).")

The database documents attached to defendant's Motion to Dismiss are publicly available on the FDA website and are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Accordingly, the court may take judicial notice of them without converting defendant's Motion to Dismiss into a Motion for Summary Judgment. See Mack, 798 F.2d at 1282. However, the court declines to take judicial notice of Exhibit C to defendant's Motion to Dismiss, the September 12, 2003, letter from the Food and Drug Administration to MedTronic approving the PMA supplement for the Medtronic SynchroMed II Programmable Infusion System, as it is unclear whether the letter is publicly available.

Given that the court considers only the allegations in the complaint and matters properly subject to judicial notice in its evaluation of defendant's Motion to the Dismiss, that motion is not properly treated as a motion for summary judgment under Federal Rule of Civil Procedure 12(d). Accordingly, the court will deny plaintiff's Motion for Rule 56(d) Relief.

IT IS THEREFORE ORDERED that plaintiff's Motion for Rule 56(f) Relief [sic] (Docket No. 13) be, and hereby, is DENIED.

Dated: June 6, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE